# Jonathan J. King, plaintiff in error, *vs.* Charles B. Wall, defendant in error.

### *Error to Henry.*

A promissory note, although not payable to order or bearer, may be given in evidence under the common count, for money had and received by the endersee.

This was an action of assumpsit in the District Court of Henry county, brought by Charles B. Wall, assignee of Abraham C. Dover, against Jonathan J. King, on a note of which the following is a copy:

"On or before the frst day of February, 1841, I promise to pay Abraham C. Dover, two hundred dollars, for value received.
  "April 25, 18●9.                               " J. J. KING."

Indorsed:

"New London, February 6th, 1841, Mr. Jonathan J. King, please pay Charles R. Wall, the within note of two hundred dollars.

A. C. DOVER."

The declaration is in the usual form, setting out the note, endorsement, &c., and concluding with a count for money had and received.

Plea, non assumpsit.

At March term, 1842, the plaintiff entered a discontinuance as to the first count, and offered the note in evidence on the trial, under the count, for money had and received, which was allowed by the court, and a verdict had for the plaintiff, for $135,38.

The defendant moved to set aside the verdict of the jury, and that a non suit be entered, because the court erred in admitting the note in evidence, under the count, for money had and received. Which motion was overruled, and judgment rendered on the verdict.

The defendant brings the cause here upon a writ of error, allowed for probable cause.

HALL, for plaintiff in error, assigns:

1. The court below erred in admitting the note in evidence under the count, for money had and receeived.

2. In not setting aside the verdict and entering a nonsuit.

3. Other errors.

Authorities cited, Chitty on Bills, 8 ed. 594. A promissory note is only evidence on the money counts between the original parties to it, unless it could be proved that the defendant had received value to the use of the plaintiff, &c.

GRIMES & STARR, for defendant.

This point was decided by the Supreme Court of Massachusetts in the case of Ellsworth vs. Brewer, 11 Pick. R. 316, where the court says :

"To maintain assumpsit, there must be a privity between the parties, but it may be a privity in fact or in law ; as between each party to a bill of exchange or promissory note, and every other party, where there is a sufficient privity in law. And as such negotiable contract is presumed to be a cash transaction, and as a money consideration is presumed to pass at the making, and at each indorsement of the instrument, each party liable to pay, is held responsible as for so much money had and received, to the use of the party, who is for the time being entitled to recover."

See State Bank vs. Hurd, 12 Mass. R., 173 ; 12 Johns. R. 90 ; 5

Wend, 490; 8 Pick., 48 ; 4 term, 339 ; 8 N. H. R., 334; 15 Mass. R., 331 ; 4 Pick., 421 ; Bayley on Bills 391.

PER CURIAM, MASON, CHIEF JUSTICE—The only question presented by this case is, whether the note was properly admitted in evidence under the count for money had and received. It would seem from the authorities cited by the plaintiff in error, that the English courts would have rejected this evidence. The courts in this country, however, seem to have deviated from the English decisions, so far as to allow notes made payable to order or bearer, to be given in evidence, under the count for money had and received, in a suit by the endorsee, or the bearer against the maker. This appears to have been done on the ground that there is a privity in law between the two parties; that the maker is presumed to have received money from the payee at the time of executing the note, which is therefore evidence of money had and received for the use of the latter, and that the law substitutes the indorsee or bearer, in place of the payee, and invests him with all his rights and privileges. We do not feel disposed to be less liberal in the adoption of a rule of evidence, than the courts of New York and Massachusetts appear to have been.

But it is said that no authority can be produced, where such evidence has been admitted, where the note is not negotiable on its face, and the suit is brought by the indorsee. Doubtless this proposition is true. We however, have a peculiar statute, in relation to promissory notes, which renders all notes negotiable in the same manner as inland bills of exchange. It further provides that " any to whom such sum of money or other personal property is by such indorsement made payable, in case of the death of such assignee, his executor or administrator, may in his name institute and maintain the same kind of action for the money thereof, against the person who made and executed such note, as might have been maintained against him by the payee, in case the same had not been assigned." This statute we think, destroys all distinctions between notes negotiable and notes not negotiable on their face, and that therefore, a note of the latter description may be given in evidence under the count for money had and received in a suit by the indorsee, against the maker.

That the note was not signed by the full name of the defendant, or indorsed by the payee by his full name, can make no difference, the bill of exceptions states that the execution and indorsement of the note was *admitted*. The effect of which admission, must be understood to be that the note was signed by the defendant and indorsed by the payee. It is

contended that the law cannot change the parties to a contract so as to affect their rights, without their consent. This is certainly true to a certain extent; but if it be understood to assert that the law cannot change a rule of evidence so as to affect a contract without the consent of the parties thereto, the position is not tenable. In the present case, the substantial rights of the defendant are not affected. He is not made liable by the statute to pay money from which he would otherwise have been exempt. Independent of th estatute, he would have been liable to pay the full face of the note. The law merely authorizes the assignee to sue in his own name, and indirectly establishes a new rule of evidence, in the case, to wit: that the note may be given in evidence under the common counts.

Moreover the note in this case was given after the law just referred to, took effect. That law entered into and formed a part of the contract. The note therefore, at the moment it was signed, was the same as though it had been written payable to order. If therefore, the legislature would have no power to render a law of this kind applicable to an antecedent contract, that objection would not be available in the present case. The judgment below will therefore be affirmed.